UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

JAMES LATTANZIO,

    Plaintiff,

V.

COMMONWEALTH OF KENTUCKY, et al.,

    Defendants.

Civil Action No. 5: 17-501-KKC

**MEMORANDUM OPINION
AND ORDER**

\*\*\* \*\*\* \*\*\* \*\*\*

James Lattanzio is a resident of Lexington, Kentucky. Proceeding without an attorney, Lattanzio has filed a civil rights complaint pursuant to 42 U.S.C. § 1983 and has paid the filing fee. [R. 1] The Court must conduct a preliminary review of Lattanzio's complaint. 28 U.S.C. §§ 1915(e)(2); *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997) ("Even if a non-prisoner pays the filing fee and/or is represented by counsel, the complaint must be screened under § 1915(e)(2)."), *abrogated on other grounds in Jones v. Bock*, 549 U.S. 199 (2007).

A district court must dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Hill v. Lappin*, 630 F. 3d 468, 470-71 (6th Cir. 2010). When testing the sufficiency of Lattanzio's complaint, the Court affords it a forgiving construction, accepting as true all non-conclusory factual allegations and liberally construing its legal claims in the plaintiff's favor. *Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

In his complaint, Lattanzio alleges that on December 21, 2016, officers from Scott County, Kentucky responded to a domestic disturbance and entered his residence without probable cause or a warrant, and then placed him in handcuffs and arrested him without

justification. He further alleges that once he arrived at the Scott County Jail, he was not given his prescription medications, and was placed in a small, cold cell (minus 65 degrees, he contends) where he had to sit on the floor. Lattanzio states that the next day in the resulting criminal case against him, *Commonwealth v. Lattanzio*, No. 16-M-939, he was ordered to be released on bond. However, jail staff did not release him until five hours later when he was served with an emergency protective order ("EPO") to avoid contact with the victim of his alleged assault. [R. 1 at 1-3]

Lattanzio further alleges that the EPO was "falsely obtained" and "willfully fabricated," and that the Scott District Court refused to conduct a probable cause hearing or consider his challenge to its personal jurisdiction over him. He continues that during those proceedings, the prosecution falsified testimony, documents and evidence against him and that the Court permitted and accepted this testimony in violation of his due process rights. Lattanzio indicates that the charges against him were ultimately dropped several months later. [R. 1-1 at 3-5] Lattanzio alleges that these actions violated his rights under the United States and Kentucky Constitutions as well as the "Civil RICO Act," and constituted an abuse of process and gross negligence under Kentucky law. [R. 1 at 1]

Lattanzio has named five defendants in this action. The first of these is the Commonwealth of Kentucky. However, the Eleventh Amendment to the United States Constitution specifically prohibits federal courts from exercising subject matter jurisdiction over a suit for money damages brought directly against the state, its agencies, and state officials sued in their official capacities. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 687-88 (1993); *Cady v. Arenac Co.*, 574 F.3d 334, 342 (6th Cir. 2009); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985). In addition, states, state agencies, and state officials sued in

their official capacities for monetary damages are not considered "persons" within the meaning of 42 U.S.C. § 1983. *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994). The Court will therefore dismiss the federal constitutional claims against the Commonwealth of Kentucky.

The Court construes Lattanzio's claim under the "Civil RICO Act" as asserted under the Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962 ("RICO"). However, federal and state governments do not constitute "persons" within the meaning of the RICO statute. *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991). The same is true with respect to counties within Kentucky. *Smallwood v. Jefferson County Government*, 743 F. Supp. 502, 503-04 (W.D. Ky. 1990). In addition, Lattanzio's complaint fails to identify any predicate acts as a basis for RICO liability, and his conclusory allegations are too non-specific to sufficiently plead a RICO claim. The Court will therefore dismiss the RICO claims against all defendants.

The next three defendants are Scott County, Kentucky, as well as its police department and jail. While Lattanzio lists these as three separate defendants, in reality it is only one. The police department and jail are not legal entities independent of the county that operates them; instead they are merely administrative departments operated by the county. Cf. *Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008); *Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994) ("Since the Police Department is not an entity which may be sued, Jefferson County is the proper party to address the allegations of Matthews's complaint."). The Court will therefore treat Lattanzio's claims against the police department and jail as asserted against Scott County itself. *Bush v. Carter County Det. Ctr.*, No. 10-CV-16-DLB, 2011 WL 3880468, at *1 n.1 (E.D. Ky. Aug. 29, 2011).

While Lattanzio complains that the actions of the police officers and jail staff were wrongful, he does not assert that they were taken pursuant to an established policy of Scott

3

County. To survive a Rule 12(b)(6) motion to dismiss "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is facially plausible if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Because a county government is only responsible under § 1983 when its employees cause injury by carrying out the county's formal policies or practices, *Monell v. Dept. of Social Services*, 436 U.S. 658, 694 (1978), a plaintiff must specify the county policy or custom which he alleges caused his injury. *Paige v. Coyner*, 614 F.3d 273, 284 (6th Cir. 2010).

Lattanzio points to no such policy in his complaint, and these claims are therefore subject to dismissal for failure to state a claim. *Id*.; *Bright v. Gallia County, Ohio*, 753 F. 3d 639, 660 (6th Cir. 2014) ("To establish municipal liability pursuant to § 1983, a plaintiff must allege an unconstitutional action that 'implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers' or a 'constitutional deprivation [] visited pursuant to governmental custom even though such a custom has not received formal approval through the body's official decisionmaking channels.'"); *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431, 436 (6th Cir. 2013).

The fifth and last defendant is the Scott County Attorney, whom Lattanzio alleges presented false evidence and failed to disclose *Brady* materials in the criminal proceedings against him. Even if Lattanzio's claims are true, however, they are barred by the absolute prosecutorial immunity enjoyed by prosecutors for their actions central to the judicial proceeding against defendants. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Van de Kamp v. Goldstein*, 555 U.S. 335, 342-46 (2009); *Adams v. Hanson*, 656 F. 3d 397, 401-03 (6th Cir. 2011). This claim must also be dismissed.

The Court has not addressed Lattanzio's claims under the Kentucky Constitution, nor his claims arising under Kentucky's common law for abuse of process and gross negligence. However, a district court may "decline to exercise supplemental jurisdiction over a claim [if] the district court has dismissed all claims over which it has original jurisdiction ..." 28 U.S.C. § 1367(c)(3). Where, as here, the Court has dismissed all of the plaintiff's federal claims, the Court concludes that the balance of judicial economy, convenience, fairness, and comity all point toward declining supplemental jurisdiction. *Carnegie–Mellon University v. Cohill*, 484 U.S. 343 (1988); *Musson Theatrical, Inc. v. Federal Exp. Corp.*, 89 F.3d 1244, 1255 (6th Cir. 1996) (noting that "[i]f the court dismisses plaintiff's federal claims pursuant to Rule 12(b)(1), then supplemental jurisdiction can never exist," and that "[a]fter a 12(b)(6) dismissal, there is a strong presumption in favor of dismissing supplemental claims."). The Court will therefore dismiss the plaintiff's state law claims without prejudice.

Accordingly, **IT IS ORDERED** that:

1. The federal claims asserted in James Lattanzio's complaint [R. 1] are **DISMISSED WITH PREJUDICE**; the claims arising under state law are **DISMISSED WITHOUT PREJUDICE**.

2. The Court will enter an appropriate judgment.

3. This matter is **STRICKEN** from the active docket.

Dated January 12, 2018.

KAREN K. CALDWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY